**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Pamela Spencer,
on behalf of S.J.,

       Plaintiff,

    v.                                                    Case No. 1:13cv107

Commissioner of Social Security                           Judge Michael R. Barrett

       Defendant.

## <u>ORDER</u>

This matter is before the Court upon the Magistrate Judge's January 30, 2014 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 15.)

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c)  Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 16.)

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except to the extent necessary to address Plaintiff's objections. Plaintiff's objections essentially raise the same arguments raised in her Statement of Errors, but make some clarifications to those arguments. Plaintiff focuses on the ALJ's failure to discuss and adopt the reviewing physician's opinions that Plaintiff had marked limitations in the domain of interacting and relating to others.

As the Magistrate Judge noted, an ALJ is not required to explicitly discuss every piece of evidence. (Doc. 15, at 7) (citing *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x

496, 507 (6th Cir. 2006) ("While it might be ideal for an ALJ to articulate his reasons for crediting or discrediting each medical opinion, it is well settled that [a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party . . .").

As the Magistrate Judge also noted, the ALJ did reference the reviewing physician's opinions when discussing the fourth domain of "moving about and manipulating objects." (Tr. 25.)  The ALJ stated: "Likewise, the childhood disability evaluation forms indicate that she has no limitation in acquitting and using information (Ex. 5F, 8F)." (Id.)  However, the ALJ failed to discuss their finding that Plaintiff had marked limitation in the third domain of "interacting and relating to others."  (Tr. 23-24).

The Court notes that the reviewing physician's opinions appear to be supported by the record.  In the first Childhood Disability Evaluation Form, the reviewing physicians state that the marked limitation is based on the teacher report that Plaintiff isolates herself from groups and does not work well with her peers.  (Tr. 333.)  The reviewing physicians note that Plaintiff was given a behavioral plan, but it was not successful.  (Id.)  They also note that her mother reports "mental breakdowns" and conflicts with her and Plaintiff's sister.  (Id.)  In the second Childhood Disability Form, the reviewing physician state that the marked limitation is based on the teacher report that she does not work well with others and three different suspensions from school.  (Tr. 421).

While an ALJ is required to "give good reasons for the weight given the claimant's treating physician's opinion, *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007) (quoting 20 C.F.R. § 404.1527(d)(2)), the same requirement does not apply to opinions of non-examining physicians.  Moreover, as the Magistrate Judge noted, even if

the failure to adopt the opinions of the reviewing physicians was in error, this error was harmless.   The reviewing physicians only found Plaintiff had marked limitations in one domain.   The Court acknowledges that Plaintiff argues that the ALJ erred in evaluating Plaintiff's functioning on the first domain of "acquitting and using information" and the second domain of "attending and completing tasks."   However, the Court finds, as did the Magistrate Judge did, that the ALJ did not err in concluding that Plaintiff had less than marked limitations in these domains.

As detailed by the Magistrate Judge more fully, with regards to the first domain, the ALJ's determination was based on Plaintiff's own testimony that she was able to use public transportation, go shopping and go to the library by herself.   Plaintiff reported that she was motivated to find a job and had applied for jobs.   Also, despite her difficulties in school, Plaintiff could write a paragraph that was well organized, with good spelling and accurate punctuation and syntax, and her teacher reported that she was at grade level in reading and math.   With regard to the second domain, as the Magistrate Judge explained, the ALJ relied on Plaintiff's testimony that she is able to do household chores, including cleaning her room and bathroom, washing her clothes and washing dishes.

Therefore, Plaintiff's objections on this issue are OVERRULED.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's January 30, 2014 R&R (Doc. 15) affirming the decision of the Commissioner.   This matter shall be **CLOSED and TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

3